UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
PROCTER & GAMBLE PRODUCTIONS, INC.,           10 Civ. 7201 (VM)
:
                          Plaintiff,           ECF case
:
  - against -
:           **ANSWER TO AMENDED**
SIGNATURE SOUND, INC., HALFTOOTH           **COMPLAINT**
RECORDS, LLC, DOROTHY SCHRAGER, *in her*   :
*capacity as Executor of the Estate of ELLIOT*
*SCHRAGER*, DOROTHY SCHRAGER, in her       :           **JURY TRIAL REQUESTED**
individual capacity, and DAVID SCHRAGER,
:
                          Defendants.
------------------------------------------------------------------X

       Defendants Halftooth Records, LLC, Dorothy Schrager, in her individual capacity and as Executor of the Estate of Elliot Schrager, and David Schrager (the "Schrager Defendants") by their attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, for their answer to plaintiff Procter & Gamble Productions, Inc.'s amended complaint, respond:

       1.     Deny knowledge or information sufficient to form a belief regarding the allegations of paragraphs 1, 8–10, 21, 34, 35, 36–55, 61–67, 69–74, 78, 105, 106, 128, 145, 149, 152, 153, 156, 170, 172, 175, 176 and 178.

       2.     Deny knowledge or information sufficient to form a belief regarding the allegations of paragraph 2, except admit that Signature Sound conducted business at 71 West 23rd Street, New York, New York.

       3.     Deny the allegations of paragraph 3, and allege that Halftooth, LLC is a limited liability company that has conducted business at 71 West 23rd Street, New York, New York.

       4.     Deny the allegations of paragraphs 18, 86, 98–101, 127, 129–130, 132, 133, 136, 138–143, 169, 171, 173 and 183.

5.      Deny knowledge or information sufficient to form a belief regarding the allegations of paragraphs 22–33, 82, 89–91, 111–115 and 147, and refer the Court to the referenced documents for a recitation of their terms.

6.      Regarding the allegations of paragraphs 56–59, 75, 76, 79, 80, 83, 84, 85, 87, 92–95, 97, 103, 107–109, 116, 117, 119–125, 146, 148, 150, 151, 154, 155, 157–167, 174, 177 and 179–182, deny knowledge or information sufficient to form a belief regarding the allegations insofar as they pertain to Elliot Schrager, and deny the allegations insofar as they pertain to any of the Schrager Defendants.

7.      Repeat their responses to the allegations incorporated in paragraphs 60, 68, 77, 81, 88, 96, 102, 110, 118, 126, 144 and 168.

8.      Deny knowledge or information sufficient to form a belief regarding the allegations of paragraph 104, except admit that the Schrager Defendants have not made repayment, and deny that the Schrager Defendants had any obligation to do so.

9.      Deny the allegations of paragraph 131, except admit that for certain periods Halftooth conducted business at the same address and in a part of the same office space as Signature Sound.

10.     Deny the allegations of paragraphs 134 and 135, except admit that Signature Sound or Elliot Schrager paid certain expenses of Halftooth.

11.     Deny the allegations of paragraph 137, except admit that on occasion correspondence may have been sent or received bearing the name "Halftooth Records/Signature Sound."

### First Affirmative Defense

12. The amended complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

13. Plaintiff's claims are barred by laches, estoppel, and waiver.

### Third Affirmative Defense

14. Plaintiff, and other third parties, by their own acts, neglect, omissions, fault, or failures, caused the damage, in whole or in part, for which plaintiff seeks to recover, as a result of which any recovery by plaintiff should be reduced in proportion to the extent of the damages incurred by it that were caused by itself, and liability should be apportioned among all parties responsible for the damages incurred by it that were caused by other third parties.

WHEREFORE, the Schrager Defendants seek judgment as follows:

(A)   Dismissing the amended complaint;

(B)   Awarding the Schrager Defendants the costs and disbursements of this action, including their reasonable attorneys' fees; and

(C)   Such other and further relief as to the Court is just and proper.

Dated: New York, New York
May 13, 2011

                      INGRAM YUZEK GAINEN CARROLL
                      & BERTOLOTTI, LLP

                      By: David G. Ebert (debert@ingramllp.com)
                          Mioko Tajika (mtajika@ingramllp.com)
                      250 Park Avenue
                      New York, New York 10177
                      (212) 907-9600