# ZANE AND RUDOFSKY
*Attorneys and Counsellors at Law*

THE STARRETT LEHIGH BUILDING
601 WEST 26TH STREET
NEW YORK 10001

(212) 245-2222

FAX (212) 541-5555 • VOICEMAIL (212) 541-4444
E-MAIL info@zrlex.com • WEBSITE http://www.zrlex.com

May 12, 2011

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/11

*Via Fax*
*(212) 805-6382*

Hon. Victor Marrero, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re: **Proctor and Gamble Productions, Inc. v. Signature Sound, Inc., et al.**
           **SDNY Case No. 10-CV-7201(VM)**

Dear Judge Marrero:

    We represent Signature Sound, Inc. in the above-referenced action.

    Plaintiff is represented by Christopher Belter, Esq., of Goldberg Segalla LLP. All of the other defendants are represented by David G. Ebert, Esq., of Ingram Yuzek Gainen Carroll & Bertolotti, LLP.

    As Your Honor may recall, this action was commenced on the heels of the tragic suicide on September 13, 2011 of Elliot Schrager, the principal of Signature Sound, Inc.

    Upon the service of the Summons and Complaint, I was authorized by Mr. Schrager's widow, Dorothy, to enter into a Stipulation with the plaintiff to preserve the business records and any assets of the business (see Docket Entries Nos. 3 and 4), which was accomplished in short order. I was thereafter authorized and subsequently entered into a Stipulated Protective Order (Docket Entry No. 6).

    Pursuant to the arrangements made with plaintiff, the computers and hard copies of records found in the offices of Signature Sound, Inc., were moved to my law offices

ZANE AND RUDOFSKY

and plaintiff's attorneys and representatives were given unfettered access to review them and arrange for copying of the records which they determined relevant for their purpose. They also found a small number of checks in the files, which they represented were the property of plaintiff, and those checks were immediately turned over to them. The records and correspondence remain in storage under my control in the same office building as my law firm.[1]

An Amended Complaint was filed on January 11, 2011 (Docket Entry No. 7), naming the widow as a defendant in her individual capacity and in her capacity as Executor of the Estate of Elliot Schrager,[2] as well as the Schragers' son, David, and an entity with which he is affiliated, Halftooth Records, LLC.

By Stipulation filed March 18, 2011, the time of all defendants to answer the Amended Complaint was extended to May 14, 2011 (see Docket Entry No. 15). As May 14 is a Saturday, the actual due date is May 16, 2011, pursuant to F.R.Civ.P. 6(a)(3)(A). It is my understanding that the other defendants, who are separately represented as stated above, will timely answer the Amended Complaint on or before May 16, 2011. However, Signature Sound, Inc. has no income or financial ability to defend this action.[3]

Accordingly, I request that the default of Signature Sound, Inc. be noted at this time, but that no judgment be entered against it pending the resolution of the claims asserted against the other (separately represented) defendants. *See* Exquisite Form Industries, Inc. v. Exquisite Fabrics of London, 378 F.Supp. 403 (S.D.N.Y. 1974) ("the preferred practice is for the court to withhold granting a default judgment until the tr[ia]l of the action on the merits against the remaining defendants"); *accord,* Charvat v. DFS Services LLC, 2011 WL 1043551 (S.D.Ohio, March 18, 2011) (same) (one of many cases throughout the country so holding).

---

[1] With plaintiff's consent, the business office of Signature Sound., Inc. was abandoned after inspection by plaintiff and corporate mail has thereafter been forwarded to my law firm. Checks received, payable to plaintiff or its affiliates, have been immediately forwarded to Mr. Belter.

[2] In fact, Mrs. Schrager is not an Executor, but a Voluntary Administrator.

[3] I am presently holding $9,551.09 in my escrow account for the benefit of the corporation, representing the proceeds of payments to the corporation after Mr. Schrager's death (other than the checks turned over / forward to plaintiff). To the best of my knowledge, information and belief, these are the sole remaining funds and assets of Signature Sound, Inc., and are subject to claims by plaintiff, the Internal Revenue Service, the New York State Department of Taxation, and various and sundry other creditors and claimants.

## ZANE AND RUDOFSKY

Prior to making this application, I requested that plaintiff stipulate to this relief. However, I have not had any response from plaintiff. Accordingly, as I will be traveling and not available from May 13-15, 2011, I thought it prudent to make this application at this time, prior to the expiration of the time to answer and in order to protect the record.

I thank the Court in advance for its time and attention to this matter.

Respectfully,

Edward S. Rudofsky

Cc: Christopher J. Belter, Esq.
cbelter@goldbergsegalla.com
Via Fax No. (716) 566-5401

David G. Ebert, Esq.
debert@ingramllp.com
Via Fax No. (212) 907-9681

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Defendant Signature Sound, Inc.

**SO ORDERED.**

5-31-11
DATE

VICTOR MARRERO, U.S.D.J.

---