# INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP

250 PARK AVENUE
NEW YORK, NEW YORK 10177
Telephone (212) 907-9600
Facsimile (212) 907-9681
www.ingramllp.com

**David G. Ebert**

Writer's Direct Dial: (212) 907-9603
E-Mail: debert@ingramllp.com

August 4, 2011

Member: Legal Netlink Alliance
www.legalnetlink.net

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/11

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

Re:  *Procter & Gamble Productions, Inc. v. Signature Sound, Inc., et al.* 10-cv-7201
*Dorothy Schrager v. Sindee Levin*, 11-cv-4378
(Consolidated Actions)

Dear Judge Marrero:

We represent Dorothy Schrager, in her individual capacity and as Executor of the Estate of Elliot Schrager, David Schrager, and Halftooth Records LLC in the referenced consolidated actions.

At the conference held on July 1, 2011, the Court directed the parties to proceed as follows, with the goal being to place the case in a mediation posture: (1) counsel for Procter & Gamble Productions, Inc. ("PGP") was to produce by July 11 its documents, including the summary of the alleged fraudulent transfers for which PGP claims the Schragers are liable that PGP's counsel had with him and referenced at the conference; (2) the Schragers (with the benefit of PGP's particularized summary) would prepare and serve a third-party complaint against the accountants for Signature Sound and the Schragers personally; and (3) PGP would promptly serve third-party subpoenas to obtain documents it represented it needed in advance of the mediation.

PGP failed to serve bates stamped documents, citing technical difficulties, until July 19, 2011 (the non-bates stamped versions were served on July 13, 2011). The summary of the alleged fraudulent transfers from which PGP's counsel read from at the conference was not served until July 19, 2011 (and only after we asked them repeatedly to send it). Moreover, that summary, a copy of which is attached, was virtually useless in that it does not particularize PGP's claims in any meaningful manner. Without having a detailed statement of the transfers that PGP claims are fraudulent, there is no possibility of a productive mediation.

389124_1/03347-0001

Hon. Marrero
August 4, 2011
Page 2

      On August 1, and again on August 3, I wrote to PGP's counsel, Mr. Belter, to ask him if he would provide us with a more meaningful statement of the claims. He has ignored both emails.

      We are aware of the Court's directive on discovery disputes, but we have been compelled to write this letter because of PGP's non-responsiveness. We ask the Court to convene a conference so that we may discuss how best to proceed. If PGP refuses to provide a statement of its claims, we do not wish to waste the Court's or a mediator's time pursuing settlement, and would, instead, ask that the case proceed to discovery and to a trial in the shortest timeframe reasonably possible.

                                                    Respectfully,

                                                    David G. Ebert

cc:   (Via e-mail)
      Christopher Belter, Esq.
      David Bass, Esq.

> The parties are directed to address the matter set forth above to Magistrate Judge Henry Pitman, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.
>
> SO ORDERED.
>
> 8-8-11
> Date
>
> VICTOR MARRERO, U.S.D.J.

389124_1/03347-0001