```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

PROCTER & GAMBLE PRODUCTIONS,       :
INC.,
                                    :
            Plaintiff,
                                    :   10 Civ. 7201 (VM)(HBP)
     -against-
                                    :
DOROTHY SCHRAGER, et al.,
                                    :
            Defendants.
                                    :
-----------------------------------X

DOROTHY SCHRAGER,                   :

            Plaintiff,              :   11 Civ. 4378 (VM)(HBP)

     -against-                      :   ORDER

SINDEE LEVIN,                       :

            Defendant.              :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/11

PITMAN, United States Magistrate Judge:

A tape-recorded conference call having been held on this date during which various discovery disputes were discussed, for the reasons stated on the tape-recording of the call, it is hereby ORDERED that:

> 1. The application of Dorothy Schrager, David Schrager and Halftooth Records, LLC for a protective order with respect to the subpoenas served by Procter &

Gamble Productions, Inc., ("PGP") on Citibank, NA, Wachovia Bank, NA, JP Morgan Chase, P. Richard Schwaeber PC, American Express Credit Corp., Bank of America, Discover Financial and M. Anderson Design is granted in part and denied in part.  The protective order is granted to the extent the subpoenas seek records for the period after September 13, 2010 with respect to the accounts of Dorothy Schrager, David Schrager or Halftooth Records, LLC.  The application for a protective order is denied with respect to (1) all accounts on which Elliot Schrager or Signature Sound, Inc. were account parties, and (2) all accounts that were jointly held by (a) Elliot Schrager or Signature Sound, Inc., and (b) Dorothy Schrager, David Schrager or Halftooth Records, LLC.  This Order is without prejudice to a renewed application from PGP to seek additional discovery concerning the bank accounts of Dorothy Schrager, David Schrager or Halftooth Records, LLC for good cause shown.

2. A settlement conference in this matter will be held on November 4, 2011 at 10:00 a.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New

York, New York  100007.  A copy of my procedures for settlement conference is annexed hereto.

3.  In light of the parties' agreement to exchange information informally in preparation for the settlement conference, formal discovery among the parties is stayed pending the November 4, 2011 settlement conference.  Notwithstanding the preceding sentence, the parties may seek discovery from non-parties though subpoenas issued pursuant to Fed.R.Civ.P. 45.

4.  If the parties have any disputes concerning either discovery or the informal exchange of information, they are to attempt to resolve those dispute through either an in-person or telephonic conversation before seeking my intervention. Counsels' efforts to resolve such disputes informally shall not be limited to an exchange of e-mails or faxes.

Dated:  New York, New York
        September 1, 2011

                                            SO ORDERED

                                            _____
                                            HENRY PITMAN
                                            United States Magistrate Judge

Copies transmitted to:

Christopher J. Belter, Esq.
Goldberg Segalla, LLP
Suite 400
665 Main Street
Buffalo, New York  14203

David G. Ebert, Esq.
Mioko C. Tajika, Esq.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
250 Park Avenue
New York, New York  10177

Ira D. Tokayer, Esq.
7th Floor
405 Lexington Avenue
New York, New York  10174

Samantha B. Lansky, Esq.
Goldberg Segalla LLP
Suite 200
200 Old Country Road
Mineola, New York  11501

```
                                        BRUCE HAMPTON
                                        COURTROOM DEPUTY
                                        (212) 805-6112
```

**Procedures Applicable to Cases Referred for Settlement to Magistrate Judge Henry Pitman**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, <u>no longer than five pages</u>, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a <u>brief</u> presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litiga-

tion expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears <u>pro se</u>, separate meetings are not ordinarily held.

6.   The presence in person of <u>parties</u>, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the <u>initial</u> conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. <u>Where liability insurance is involved</u>, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7.   If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8.   Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a <u>joint</u> letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.   Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10.  If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on <u>written</u> request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.