# MMP&S

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
ATTORNEYS AT LAW
1000 WOODBURY ROAD    SUITE 402    WOODBURY, NY 11797
TELEPHONE: 516. 712.4000    FAX: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

October 17, 2011

VIA ECF & FACSIMILE (212) 805-6111

Hon. Magistrate Judge Henry Pitman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Procter & Gamble Productions, Inc. v. Signature Sound, Inc., et al.* 10-cv-7201;
*Dorothy Schrager et al., v. P. Richard Schwaeber, P.C. et al.*;
*Dorothy Schrager v. Sindee Levin,* 11 Civ. 4378

Dear Judge Pitman:

As Your Honor is aware, we represent the Third-Party Schwaeber Defendants in connection with the above-referenced action.

During the telephone conference with Your Honor and all parties on September 1, 2011, it was agreed that formal discovery would be stayed, and the parties would participate in informal discovery in anticipation of the upcoming mediation on November 4, 2011. However, our office clearly stated that our agreement to such an arrangement was contingent upon the Third-Party Plaintiffs providing particularization as to their claims against the Third-Party Schwaeber Defendants. Specifically, we advised that we did not believe there was any legitimate basis for the claims against our accountant clients, and requested that the claims be particularized with supporting evidence.

Unfortunately, despite efforts through telephone conferences and e-mails, we have been unable to get any particularization, whatsoever, as to the claims against our clients. Rather, we have been advised by counsel for Third-Party Plaintiffs (Mr. Ebert) that the claims against our clients cannot be particularized unless our clients provide their file to counsel for Third-Party Plaintiffs.

We have clearly advised Mr. Ebert that we were willing to participate in informal discovery *if* he had any evidence of a good faith basis for the Third-Party Complaint. However, his failure to present *any* evidence or particularize his claim in any manner clearly evidences that the Third-Party Complaint is baseless and improper. Under the circumstances, we have advised all parties that any contribution we might make at mediation would be nominal.

At this point, we have requested that Mr. Ebert voluntarily discontinue the Third-Party Complaint as to Richard and Robert Schwaeber, who did not prepare the tax returns for the Third-Party Plaintiffs, and were otherwise uninvolved in their tax matters. We are currently awaiting a response from Mr. Ebert. Presuming Mr. Ebert agrees to voluntarily discontinue the Third-Party Claims against those individuals, and in the spirit of avoiding unnecessary time and litigation costs, we are willing to wait until after the mediation before moving to dismiss the Third-Party Complaint against the corporation and Wayne Schwaeber. However, if Your Honor would prefer that we make our motion sooner, then we request permission to move to dismiss the Third-Party action against the Schwaeber Defendants, as there is no evidence to support the allegedly good-faith claims against these Defendants.

On another note, during the September phone conference, we had discussed the apparent conflict in Mr. Ebert's office representing Dorothy Schrager as Executrix, and representing her individually, as her interests in each of these capacities are conflicting. At that time, Your Honor requested that counsel discuss this matter among ourselves, and advise the Court if the matter could not be resolved. Unfortunately, Mr. Ebert has taken the position that he does not view a conflict, and requested that we perform research for him to assist him in recognizing the conflict. We do not believe it is proper for the conflict of interest in representation to continue through mediation. However, once again, in the interest of time and legal costs, we would be willing to agree to "ignore" the conflict until after the mediation, in the hopes this matter can be resolved. Nevertheless, if this case does not settle at mediation, then we believe Mr. Ebert's office will need to be relieved as counsel due to the apparent conflict in their representation under Rule 1.7 of the Model Rules of Professional Conduct.

Although these issues have been discussed among all counsel, we felt it important to bring them to the Court's attention prior to the upcoming mediation. We are available for a further phone conference with the Court and all parties if Your Honor believes that a further conference should be held.

                                                Respectfully Submitted,

                                                *Samantha B. Lansky*
                                                Samantha B. Lansky

Cc:      VIA ECF AND EMAIL:

Christopher Belter, Esq. cbelter@goldbergsegalla.com
David G. Ebert, Esq. debert@ingramllp.com
Edward Rudofsky, Esq. erudofsky@zrlex.com
Ira Tokayer, Esq. imtoke@mindspring.com
Michael Murphy, Esq. MMurphy@basslawla.com

VIA REGULAR MAIL:

Michael Jabick
33 Maple Avenue North
Westport, CT 06880