
RECEIVED
JAN 10 2012
CHAMBERS OF
JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROCTER & GAMBLE PRODUCTIONS, INC., Plaintiff, - against - SIGNATURE SOUND, INC., HALFTOOTH RECORDS, LLC, DOROTHY SCHRAGER, *in her capacity as Executor of the Estate of* ELLIOT SCHRAGER, DOROTHY SCHRAGER, *in her individual capacity, and* DAVID SHRAGER, Defendants.

Index No. 10 Civ. 7201 (VM)(HBP)

---

DOROTHY SCHRAGER, *in her capacity as Executor of the Estate of* ELLIOT SCHRAGER, DOROTHY SCHRAGER, *in her individual capacity,* HALFTOOTH RECORDS, LLC and DAVID SHRAGER, Plaintiffs, - against - P. RICHARD SCHWAEBER. P.C. RICHARD SCHWAEBER, ROBERT SCHWAEBER and WAYNE SCHWAEBER and MICHAEL JABICK, Defendants.

---

DOROTHY SCHRAGER, Plaintiff, - against - SINDEE LEVIN, Defendant.

Index No. 11 Civ. 4378

---

STIPULATION AND ORDER OF DISMISSAL

This Stipulation is made and entered into on December 15, 2011 by and between Defendant Sindee Levin ("Defendant" or "Levin"), on the one hand, and Plaintiff Dorothy Schrager (hereinafter "Plaintiff" or "Schrager"), on the other hand (collectively, the "Parties"), through their undersigned counsel of record, with reference to the following:

WHEREAS, on June 28, 2011, after Schrager received from Levin a written demand for indemnification, Plaintiff filed a Complaint for Declaratory Relief against Defendant in the action *Schrager v. Levin*, United States District Court, Southern District of New York, Case No. 1:11-cv-04378-VM (the "Levin Action");

WHEREAS, by Order dated July 11, 2011, this Court ordered that the Levin Action be consolidated with the action entitled *Procter & Gamble Productions, Inc. v. Signature Sound, Inc., et al.*, United States District Court, Southern District of New York, Case No. 1:10-cv-07201-VM (the "PGP Action");

WHEREAS, at issue in the Levin Action is a demand by Schrager for a Declaratory Judgment that Levin is not entitled to contractual indemnification arising out of an indemnity agreement between Signature Sound, Inc. and Sindee Levin (the "Signature Sound Indemnity Agreement"). The Declaratory Relief asks this Court to determine that Schrager is not liable to Levin under the Signature Sound Indemnity Agreement as a result of a currently pending lawsuit between Procter & Gamble Productions and Sindee

Levin, entitled *Procter & Gamble Productions, Inc. v. Sindee Levin., et al.*, United States District Court, Central District of California, Case No. CV11-01333 GW (FFMx) (the "California Action");

WHEREAS, Levin has not yet filed a responsive pleading in the Levin Action, however, Levin intends to file a Motion to Dismiss under Rule 12 based upon her belief that there is no jurisdiction in New York over Schrager's Declaratory Relief claim. Accordingly, Levin has not consented to jurisdiction in New York;

WHEREAS, the California Action is still pending;

WHEREAS, the Parties agree that any dispute as to indemnity between Levin and Schrager will not be ripe until after the California Action has concluded;

WHEREAS, the Parties wish to discontinue the Levin Action, without prejudice;

WHEREAS, in exchange for Schrager's dismissal of the Complaint in the Levin Action, the Parties agree that they shall refrain from filing any other claim arising out of the Signature Sound Indemnity Agreement until after the California Action has Concluded (which shall be defined in this Stipulation and Order as resulting in either (1) final judgment, or (2) a dismissal of all claims);

WHEREAS, the Parties further agree that Levin shall not file any claim against Schrager arising out of the Signature

Sound Indemnity Agreement until after the 30th calendar day following the date on which Levin's counsel notifies Schrager's counsel in writing that the California Action has Concluded.

WHEREAS, the Parties also agree that, by entering into this Stipulation, all objections to jurisdiction, venue, convenience of forum, and all other defenses that can be raised in a Motion under Fed. R. Civ. P 12 ("Objections and Defenses") are to be preserved and are in no way waived;

WHEREAS, the Parties further agree that, the period commencing on the date that the Levin Action was filed and ending 60-days after the California Action has Concluded, shall not be included in computing the running of any statute of limitations on any claims between the Parties, including, without limitation, claims arising out of the Signature Sound Indemnity Agreement, nor shall the same time period be included for the purpose of asserting any defenses of laches, estoppel or waiver or other similar legal or equitable defenses based upon the passage of time or expiration of any time period;

WHEREAS, Schrager further agrees that she shall not take the position that Levin has consented to jurisdiction of this Court, venue in New York, or convenience of this forum as a result of this Stipulation, any prior Stipulation in the Levin Action, or by the appearance of Levin's counsel at the Settlement Conference on November 4, 2011;

Accordingly, on motion of Ira Daniel Tokayer, Esq.,

attorney for defendant Levin, the Parties hereby stipulate and agree that:

1. Schrager's Complaint in *Schrager v. Levin*, United States District Court, Southern District of New York, Case No. 1:11-cv-04378-VM, is discontinued without prejudice.

2. Schrager shall not file a claim against Levin arising out of the Signature Sound Indemnity Agreement until after Levin's counsel notifies Schrager's counsel in writing that the California Action has Concluded in its entirety by way of final judgment, or a dismissal of all claims by all parties to the California Action.

3. Levin shall not file a claim against Schrager for indemnification arising out of the Signature Sound Indemnity Agreement until after the 30th calendar day following the date on which Levin's counsel notifies Schrager's counsel in writing that the California Action has Concluded by way of final judgment, or a dismissal of all claims by all parties to the California Action.

4. By entering into this Stipulation, all objections to jurisdiction, venue, convenience of forum, and all other defenses that can be raised in a Motion under Fed. R. Civ. P 12 ("Objections and Defenses") are to be preserved and are in no way waived by the extension agreed upon herein.

5. Schrager agrees that she shall not assert that Levin has consented to jurisdiction of this Court, venue, or

convenience of this forum as a result of this Stipulation, any prior Stipulation, or appearance in New York at the Settlement Conference on November 4, 2011.

6. The period commencing on the date that the Levin Action was filed and ending 60-days after the California Action has Concluded, shall not be included in computing the running of any statute of limitations on any claim arising out of the Signature Sound Indemnity Agreement, nor shall the same time period be included for the purpose of asserting any defenses of laches, estoppel or waiver or other similar legal or equitable defenses based upon the passage of time or expiration of any time period.

Dated: New York, New York
December 15, 2011

IRA DANIEL TOKAYER, ESQ.

Attorney for Defendant
405 Lexington, 7th Floor
New York, New York 10174
(212) 695-5250

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI LLP

By:
Attorneys for Plaintiff
250 Park Avenue
New York, New York 10177
(212) 907-9600

SO ORDERED: 13 January 2012

Victor Marrero
United States District Judge

ORDER OF DISMISSAL A.wpd

**SO ORDERED.** The Clerk of Court is directed to terminate any pending motions in this action and to close this case.

**SO ORDERED.**

1-13-12
Date

Victor Marrero, U.S.D.J.